**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MEL M. MARIN,**                ) | |
|                ) | |
|       Plaintiff,      ) | |
|                ) | |
|      vs.           ) | 2:09cv1333 |
|                ) | Electronic Filing |

**MEL M. MARIN,**                          )

                    Plaintiff,              )

            vs.                            )        2:09cv1333
                                           )        Electronic Filing
**JOSEPH FRAGEL, SHARON CITY**             )
**COUNCIL as Officials, and Councilmen**   )
**MIKE DONATO, VICTOR**                     )
**S. HEUTSCHE, ROBERT MESSINA,**            )
**DARIN D. FLOWER, FRANK P.**               )
**CONNELLY, as Individuals, and**           )
**MERCER COUNTY,**                          )
                                           )
                    Defendants.            )

## MEMORANDUM ORDER

AND NOW, this 13th day of September, 2010, upon due consideration of the Sharon

defendants' motion to dismiss and the parties' submissions in conjunction therewith, which motion

is deemed to be applicable to plaintiff's Second Amended Complaint, IT IS ORDERED that [16]

the motion be, and the same hereby is, denied.

Defendants primarily rely on the asserted absence of an allegation which is sufficiently

raised by inference.   The City of Sharon had the power to acquire title to the subject properties

and whether it did or did not take any action or alleged action pursuant to an impermissible intent is

not a matter that can be resolved from the face of plaintiff's amended complaint.   And demanding

a more specific statement of what already is implicitly raised does little to advance and resolve the

litigation.

Moreover, the pleading standards do not require proof of a claim at this juncture nor have

1

they been converted to require the precision and adequacy normally demanded at summary judgment.   To the contrary, the matters raised in defendants' motion appropriately are considered after the record has been fully developed pursuant to a motion for summary judgment.[1] Consequently, a case management order will be entered and defendants may advance any of their arguments after the close of discovery pursuant to an adequately supported motion for summary judgment.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:     Mel M. Marin
        P. O. Box 1651
        Hermitage, PA 16148

        Charles H. Saul, Esquire
        Kyle T. McGee, Esquire
        Margolis Edelstein
        Suite 3300
        525 William Penn Place
        Pittsburgh, PA 15219

        William G. McConnell, Jr., Esquire
        Ekker Kuster McConnell & Epstein
        One East State Street, Suite 400
        P. O. Box 91
        Sharon, PA 16146

        Marie Milie Jones, Esquire
        Meyer Darragh Buckler Bebenek & Eck
        Suite 4850, U.S. Steel Tower
        600 Grant Street
        Pittsburgh, PA 15219

---

[1] This includes defendants' implicit assertion that plaintiff should be declared a vexatious litigant under Rule 8 by this court.