IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MEL M. MARIN, )
)
        Plaintiff, )
)
vs. ) 2:09cv1333
) Electronic Filing
JOSEPH FRAGEL, SHARON CITY )
COUNCIL as Officials, and Councilmen )
MIKE DONATO, VICTOR )
S. HEUTSCHE, ROBERT MESSINA, )
DARIN D. FLOWER, FRANK P. )
CONNELLY, as Individuals, and )
MERCER COUNTY, )
)
        Defendants. )


# MEMORANDUM OPINION

Mel M. Marin ("plaintiff") filed a complaint in this Court on October 1, 2009, and an amended complaint on September 13, 2010, seeking redress for purported national origin discrimination in conjunction with plaintiff's alleged proposal to purchase condemned real estate in and from the City of Sharon, Pennsylvania, for $10.00.[1]  Plaintiff's amended complaint

---

[1] Plaintiff, also known as Melvin M. Marinkovic, is a serial *pro se* filer who has filed vexatious litigation in this court in *Mel Marin v. The Erie Times, et al.*, 1:11cv102 (Doc. No. 18), *aff'd*, 525 F. App'x 74 (3d Cir. 2013); *In re: Joseph Fragile, et al.*, 2:11cv788 (Doc. No. 8); *In re: Joseph Fragile, et al.*, 2:11cv789 (Doc. No. 7), *Mel Marin v. Tom Leslie, et al.*, 2:09cv1453 (Doc. No.s 57 & 58) and *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 21). He also has filed over 70 proceedings in other jurisdictions and been placed on the "Vexatious Litigant List" by the State of California in connection with a filing in the San Diego Superior Court at No. 720715. *See* Transmittal Statement of the Bankruptcy Court to Accompany Notice of Appeal (Doc. No. 1-14) in *In re: Joseph Fragile, et al.*, 2:11cv789 (W.D. Pa. June 15, 2011) at 6 n.3. Plaintiff "was once a law clerk in the federal court and a 9th Circuit extern." Verified First Amended Complaint in *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 3) at ¶ 112. Plaintiff also has pursued an action challenging the need for him to submit his social security number in order to receive a profession license as an Emergency Medical Technician which this court found to be without merit at summary judgment. *See* Opinion of April 11, 2014 in *Mel Marin v. William McClincy and Melissa Thompson*, 1:11cv132 (Doc. No.

advances an elaborate conspiratorial scheme that centers around a purported effort by Joseph Fragel, "the head of the Sharon Office [of] Community Development," to thwart plaintiff's proposal because of plaintiff's national origin: Serbian. Complaint at ¶¶ 1-14; Amended Complaint at ¶¶ 1-28. The litigation has been protracted, with plaintiff filing numerous interlocutory appeals.

On March 31, 2014, an order was entered lifting a stay that had been entered on March 17, 2011, following defendant Fragel's filing a petition in Bankruptcy. See Doc. No.s 106, 116.[2] The March 31, 2014, order lifting the stay also re-instated the Case Management Order of September 13, 2010, with amended pretrial deadlines for the submission of pretrial narrative statements and dispositive motions.

---

81 in 1:11cv132).

Plaintiff also uses different addresses in different states to maintain his pending cases. He frequently claims not to have received mail at the address he maintains in the court's docket and seeks to reset his own deadlines for compliance with any particular pretrial deadline. A review of his filings in the related dockets reflects the use of such tactics. *See e.g.* Motion for Service (Doc. No. 13 in 1:12cv139); Motion for an Order to Allow Filing of Opposition to Motion to Dismiss Out-of-Time (Doc. No. 17 in 1:12cv139); Notice of and Motion for Leave to Allow Responses to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send Case Management Order and Declaration in Support (Doc. No. 51 in 2:09cv1453) at 1; Notice of and Motion to Supplement Motion for Late Response to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send 2011 Case Management Order (Doc. No. 55 in 2:09cv1453) at 1; Plaintiff's Notice of and Motion for Leave to File a Pre-Trail Statement Out-of-Time (Doc. No. 31 in 2:06cv690) at 1; Plaintiff's Notice of Change of Address and Motion for Remailing (Doc. No. 52 in 1:11-cv-132); Motion for Leave to File Opposition to Summary Judgment Out of Time (Doc. No. 64 in 1:11-cv-132 at 5-6); Motion for Leave to File Third Amended Complaint Out of Time (Doc. No. 65 in 1:11-cv-132 at 1). The docket verifies that in accordance with the Local Rules all orders and opinions are mailed to plaintiff at the mailing address he has provided for the particular case (which includes a change of address upon proper notification to the Clerk).

[2] On that date an order also was entered in *Marin v. Fragel, et al.*, 2:12cv1676, denying plaintiff's motion to proceed in forma pauperis and commence a new action on the claims initially filed in 2:09cv1333. That order was entered without prejudice to plaintiff seeking further relief as warranted in 2:09cv1333, such as moving to file an amended complaint in 2:09cv1333.

Presently before the court are defendants' motions for summary judgment, which were filed on June 26, 2014. Plaintiff had 30 days to respond to those motions. *See* Section B of [52] the Case management Order of September 13, 2010. Plaintiff has to date failed to file any response to those motions and accompanying concise statement of material facts and briefs in support.

The standards governing summary judgment are well-settled. Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's claim, and upon which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. When the movant does not bear the burden of proof on the claim, the movant's initial burden may be met by demonstrating the lack of record evidence to support the opponent's claim. *National State Bank v. National Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir. 1992). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a <u>genuine issue for trial</u>," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Electric Industrial Corp. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (quoting Fed.R.Civ.P. 56 (a), (e)) (emphasis in *Matsushita*). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Defendants' motions and supporting submissions satisfy their initial burden of demonstrating the lack of record evidence to support plaintiff's asserted causes of action. Plaintiff has failed to controvert defendants' concise statement of material facts as required under Local Rule 56C and the Case Management Order of September 13, 2010. Thus, defendants' concise statement of facts are deemed admitted under Local Rule 56E. They also are deemed admitted as a matter of law pursuant to *Matsushita Electric Industrial Corp. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Consequently, the record must be taken as presented by defendants and judgment as a matter of law will be entered in their favor.[3]

For the reasons set forth above, defendants' pending motions for summary judgment will be granted. Appropriate orders will follow.

Date: August 18, 2014

<u>s/David Stewart Cercone</u>
David Stewart Cercone
United States District Judge

cc: Mel M. Marin
Box 311
Reynoldsburg, OH 43608

Via: United States Mail

Charles H. Saul, Esquire
Kyle T. McGee, Esquire
Margolis Edelstein

William G. McConnell, Jr., Esquire

Marie Milie Jones, Esquire

Via: CM/ECF Electronic Filing

---

[3] Based on the record as presented the court finds that plaintiff's pursuit of this lawsuit is vexatious and he filed it for vindictive and obstructive purposes.